UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KEAREN BAUGH, ) | |
| ) | |
|     *Plaintiff* ) | |
| ) | Cause No. 1:19-cv-506-RLM |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
|     *Defendant* ) | |

OPINION AND ORDER

Kearn Baugh brought this action for judicial review after the Commissioner of Social Security denied her application for disability insurance benefits. This court reversed and remanded the claim for further proceedings. Ms. Baugh ultimately prevailed and was awarded $99,197.00 in past-due benefits. Ms. Baugh's attorney has received $10,576.44 for the services they provided pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Attorney Stephen Sloan's motion for authorization of attorney fees under 42 U.S.C. § 406(b) is now before the court. For the following reasons, the court grants Mr. Sloan's motion.

An attorney who has successfully represented a claimant in federal court can receive "a reasonable fee for such representation, not in excess of twenty-five percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A); Gisbrecht v. Barnhart, 535

U.S. 789, 792 (2002). While fees may be awarded under both the EAJA and Section 406(b), "an EAJA award offsets an award under Section 406(b)." Id. at 796.

Ms. Fisher asks the court to authorize attorney fees in the amount of $24,799.25. The proposed attorney fee award is within the parameters of § 406(b) and the contingent fee agreement between Mr. Sloan and Ms. Baugh. The government doesn't oppose Mr. Sloan's motion.

Mr. Sloan and Ms. Baugh agreed to a contingent attorney fee of 25 percent. The court must decide whether the attorney fees yielded by the parties' contingency fee agreement are reasonable. Gisbrecht v. Barnhart, 535 U.S. at 807. A court shouldn't override the attorney-client contingency fee agreement unless the resulting fee would be unreasonable. Id. at 808. A fee may be unreasonable "[i]f the attorney is responsible for delay" that causes an "accumulation of benefits during the pendency of the case in court" or the "the benefits are large in comparison to the amount of time counsel spent on the case." Id.

Nothing in the record suggests Mr. Sloan caused any delay in the adjudication of Mr. Baugh's case, and the benefit of his work is significant. Under the terms of their agreement, Ms. Baugh agreed that Mr. Sloan could elect to petition for up to 25 percent of all past due benefits in the event of a favorable outcome. The sum of requested attorney fees, including the EAJA award, equates to an effective rate of approximately $270 per hour

2

($24,799.25/91.77). The proposed fee award is within the bounds of the contingency fee agreement and falls within the range of what courts in this district have deemed reasonable. *See, e.g.*, Heise v. Colvin, No. 14-CV-739-JDP, 2016 WL 7266741 at *3 (W.D. Wisc. Dec. 15, 2016) (granting a fee request equating to an effective rate of $1,100); Kolp v. Colvin, No. 12-CV-842, 2015 WL 4623645, at *1 (E.D. Wis. Aug. 3, 2015) (granting a fee request equating to an effective rate of $1,118.44 an hour). Further, the award is reasonable considering the result achieved in this case and the contingent nature of the recovery. Without the greater incentive for attorneys to take these cases stemming from the potential for an enhanced fee payment, claimants who have difficult cases and who cannot afford to guarantee payment might not be able to secure representation. *See* McGuire v. Sullivan, 873 F.2d 974, 980 (7th Cir. 1989) (internal citations omitted).

Mr. Sloan received an award of $10,576.44 in attorney fees pursuant to the EAJA. So the court offsets the EAJA award from counsel's requested fees. Mr. Sloan's fee request in this action, $24,799.25, is accordingly offset by the EAJA award, $10,576.44, for a total of $14,222.81.

For the foregoing reasons, the court GRANTS the motion for an award of attorney's fees under 42 U.S.C. § 406(b) [Doc. No. 20] and AWARDS fees to plaintiff's attorney Jennifer L. Fisher in the amount of $14,222.81. The court ORDERS that payment by the Commissioner in the amount of $14,222.81 be paid directly to the principal attorney of Mr. Sloan's law firm: Mr. Frederick J.

Daley, Jr., c/o Daley Disability Law, P.C., 4256 N. Ravenswood Ave., Suite 104, Chicago, IL 60613.

SO ORDERED.

ENTERED:   June 29, 2022

/s/ Robert L. Miller, Jr.
Judge, United States District Court